By the Court—Speir, J.
On March 26, 1879, Noonan became indebted to .the plaintiff for the purchase price of two engines, boilers and accompaniments, for the payment of which he executed and delivered to the plaintiff the two orders' set out in the complaint. This the trial judge has found, and we think the evidence fully sustains his finding. It is clear the articles were sold as second-hand at the time the price was fixed for their value, at the first interviews between the parties, and it was in the power of Noonan to have a personal inspection of them had he chosen to do so. In cases of sale of personal property, it is many times a nice and difficult question whether there has been a delivery,' whether the title has passed. In this case the price was fixed and the delivery was to be made at a place designated by the buyer, and the consideration for the articles sold was paid to the plaintiff by the orders on the city. There was nothing else to be done by the seller after he had promised to deliver the articles, and the title passed absolutely without delivery. If it was the intention of the parties that the property should be deemed to be delivered and the .title pass, it will be so held. This is the general rule of the common law (Long on Sales, 42; 2 Kent, 492; Simons v. Swift, 5 B. & C. 857). In this case the orders were received and delivered to the city a few days before the delivery of the articles sold. All this had been done before Noonan had made any complaint about the character of the goods purchased, or had notified the city not to pay. Under the circumstances there is nothing in the case to sustain the defendant’s counterclaim.
*497 By particular request, the learned j ndge found that the contract with the city contained a provision to the effect that Noonan would not sub-let the aforesaid work without the -previous written consent of the commissioner of public works indorsed on the agreement, but would keep the same under his own control; and that he would not assign by power of attorney, or otherwise, any of the moneys payable under this contract, unless by and with the previous consent of said commissioner of public works, to be signified by indorsement on the agreement; and that no consent to the foregoing assignment was given by the said commissioner, or indorsed on saidpontract.
It is contended by the counsel for the city, that it was the intent and purpose of the parties to the contract, by appropriate covenants, so to define their then relations, that either one may be .protected from being subjected to the rights or liabilities of a creditor or debuor other than his copontractor, by reason of the obligations assumed.
It is insisted that the covenant should be sustained by the court as matter of public policy for the protection of the public treasury, and that the city at the time of making the contract, made the provision, that no one should create any obligation other than the contractor, who was then known to them.
The plaintiff was the real party in interest, had a valid transfer as against the assignor, and holds the legal title to the demand. The defendant, the city, has no legal right to inquire further. And in .fact, no such inquiry was made. No objection was made on the account of the provision in the contract in question at any time after, or when the orders were delivered to it. The city refused only because the assignor had notified it not to pay. From the undisputed facts in the case, the defendant would be protected if it paid to the assignee, or if a recovery was had against it by him. The *498 city had the benefit of the contract with Noonan, lawfully made and fully executed, and became obligated by the orders given, which operated as equitable assignments of so much money in its hands for the benefit of the plaintiff. It could make no difference to the city whether it paid to the contractor to whom the money was due and owing, or to another, upon his order. It is not claimed that the contract with the city is illegal and contrary to the statutes of the State or ordinances of the city, nor were any secret arrangements made by any of the parties, by which the public treasury can possibly be affected.
Interest accrued from the time the orders became due and payable.
Judgment affirmed, with costs.
Russell, J., concurred.